IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEPUY SYNTHES SALES, INC., | ) | CASE NO.  1:24 CV 414 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| INTEGRATED SURGICAL SOLUTIONS, | ) | MEMORANDUM OPINION |
| INC., and WILSON BEERS, | ) | AND ORDER CONFIRMING |
| | ) | ARBITRATION AWARD |
| Respondents. | ) | |

This matter is pending before the Court on the Motion For Confirmation of an Arbitration

Award filed by Petitioner, DePuy Synthes Sales, Inc. ("DePuy"). (ECF #17).  Respondents,

Integrated Surgical Solutions, Inc. ("ISS"), and Wilson Beers filed a Response in Opposition to

Petitioner's Motion, and Cross-Motion to Vacate Arbitration Award.  (ECF #22).  DePuy filed a

Reply Memorandum in Support of its Motion for Confirmation, and an Answer to Respondent's

Counter-Petition. (ECF #24, 26).   For the reasons that follow, Petitioner's Motion For

Confirmation of an Arbitration Award is GRANTED and Respondents' Cross-Motion to Vacate

Arbitration is DISMISSED as untimely.

## PROCEDURAL AND FACTUAL BACKGROUND

DePuy is a Massachusetts company that markets and provides orthopedic implants and

other instruments to hospitals and surgeons nationwide.  ISS was a sales representative for

DePuy's products and was also charged with supporting customers (surgeons) by helping them

with preparation and ensuring that they had all necessary implants and instruments for their surgeries. In 2013, the parties entered into a Sales Representative Agreement ("SRA"), which was renewed/amended multiple times. By 2022, DePuy claimed that ISS was not fully engaged in the business, and was not providing appropriate levels of service to DePuy's customers. Therefore, in September 2022, DePuy terminated the SRA as it applied to services provided to University Hospitals, ISS's largest client. In November of 2022, ISS initiated an AAA Arbitration against DePuy alleging breach of the agreement. DePuy asserted counterclaims against both ISS and Mr. Beers, alleging multiple breaches of the SRA. The parties agreed on a arbitrator and, after a period of discovery, presented their evidence and arguments during a five day hearing. Following the hearing, the parties submitted additional briefing. The Arbitrator entered his award in favor of DePuy on January 11, 2024, and the parties were served the next day. The Arbitrator dismissed ISS' claims, and found in favor of DePuy on all of the counterclaims against ISS and Mr. Beers, awarding DePuy damages in the amount of $83,701.

## DISCUSSION

The Federal Arbitration Act ("FAA") "makes contracts to arbitrate 'valid, irrevocable, and enforceable,' so long as their subject involves 'commerce'." *NAU Country Ins. Co. v. Alt's Dairy Farm, LLC*, 2023 U.S. App. LEXIS 867, *7 (6th Cir., Jan. 11, 2023)(quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). Under the FAA, a party to an arbitration may seek judicial confirmation of an arbitration award "at any time within one year after the award is made." 9 U.S.C. §9. There is a presumption that awards made under the FAA will be confirmed. *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). Confirmation "is a

summary proceeding and," if a request is made within this one year period, "the court must confirm the award" unless it is vacated, modified, or corrected as prescribed in sections 10 and 11. *Adell v. Cellco P'ship*, 2021 WL *Farmers Mut. Hail Ins. Co. v. Miller*, 2024 U.S. App. LEXIS 6473 (6th Cir., March 18, 2024)(citing 9 U.S.C. §9).   There is no dispute that DePuy filed its request for confirmation within the one year period as required by the FAA.

In order to avoid confirmation, the opposing party can file a request to vacate, modify, or correct the arbitration award, based on reasons set forth in 9 U.S.C. §10 and 11.  However, any request to vacate, modify, or correct an award "must be served within three months after the award is filed or delivered."  9 U.S.C. § 12; *Bachman Sunny Hill Fruit Farms, Inc. v. Producers Agric. Ins. Co.*, 57 F.4th 536, 541 (6th Cir. 2023).  "[C]ourts have consistently interpreted the FAA notice provision to create a strict deadline." *Id.* at 543 (quoting *Argentine Republic v. Natl'l Grid Plc.*, 637 F.3d 365, 368 (D.C. Cir. 2011).   In this case, the arbitration award was filed on January 11, 2024, and the parties received notice of the award on January 12, 2024.  ISS and Mr. Beers' first request to vacate, modify or correct the award was included as part of their response to the Petitioner's Motion for Confirmation, which was filed with this Court on May 31, 2024.  Their request was, therefore, untimely.

Respondents admit that they did not file a request to vacate, modify, or correct the award within the required ninety day period established in the FAA,[1] however, they argue that the

---

[1]  They acknowledge specifically that their deadline to file a motion to vacate the award was 40 days after DePuy filed its petition for certification on March 3, 2024, which would have made it due on April 12, 2024.  (ECF #22, PageID 389).  Petitioners calculate the deadline as falling on April 10, 2024.  Because no request for vacatur was received until May 31, 2024, it was untimely under either calculation.

statutory deadline should be extended under the principle of equitable tolling. (ECF #22). The Sixth Circuit has not yet decided whether equitable tolling is available to extend the three month statute of limitations on challenges to an arbitration award. *NAU Country Ins. Co. v. Alt's Dairy Farm, LLC*, 2023 U.S. App. LEXIS 867, *10 (6ᵗʰ Cir., Jan. 11, 2023). However, even if it could be applied in this context, the facts of this case would not support it. "In general, equitable tolling is available 'when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id., (*quoting *Zappone v. United States*, 879 F.3d 551, 556 (6ᵗʰ Cir. 2017). ISS and Mr. Beers do not identify any circumstances beyond their control that kept them from being able to file a timely request to vacate, modify or correct the award in this case.

The only explanation they give for not submitting a timely request for vacatur is that after DePuy filed a confirmation request in this Court, they were forced to choose between filing their response to the confirmation request early, to comply with the 90 day deadline, "which it was not prepared to do," or filing a motion to vacate the award in an Indiana court.² In truth, DePuy's request for confirmation had no effect whatsoever on Respondents' choices or ability to timely file a motion under 9 U.S.C. §10. DePuy had one year to file its motion for confirmation.

―――――――――――

2

Although 9 U.S.C. §10 states that requests to vacate, modify or correct an arbitration award may be made in the "United States court in and for the district wherein the award was made," venue is not limited to that jurisdiction. The United States Supreme Court held in *Cortez Byrd Chips v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195-96 (2000), that this language was permissive and not restrictive. Although a motion for vacatur may be brought in the district where the award was made, absent an applicable forum selection clause, it may also be filed in any court that has jurisdiction and is "proper under the general venue statute." *Id.*; *see also, Structures USA, LLC v. CHM Indus.*, 2021 U.S. Dist. LEXIS 255345 (Ky. W.D., Dec. 15, 2021); *Nat'l Renal Alliance, LLC v. Gaia Healthcare Sys., LLC*, 2010 U.S. Dist. LEXIS 119525 (Tn. M.D., Nov. 9, 2010).

-4-

Respondents had 90 days to challenge the award. Therefore, in order to preserve their right to contest the award, Respondents would have had to file their arguments for vacatur, which are also its defense against confirmation, within 90 days, whether DePuy had filed for confirmation or not. If they were not prepared to respond to the motion for confirmation within the 90 day deadline, they were equally unprepared to timely filed their request for vacatur, because reasons they allege for vacatur are, by nature, their defense to confirmation. Conversely, if they were prepared to file a timely request for vacatur, they could have easily responded to the confirmation request a few days early in order to meet their deadline.

Further, whether or not the confirmation motion had been filed here in the Northern District of Ohio before the 90 day window had closed, Respondents had a choice about where best to file their request. Respondent could choose an appropriate venue in which to challenge the award, whether or not they also had to respond to the confirmation request in this district. They had the option to file in any court with jurisdiction and proper venue. *Cortez Byrd Chips v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195-96 (2000). If they chose to file in Indiana, and Petitioners filed for confirmation in Ohio in accordance with the terms of the SRA, Respondents could have simply referenced their Indiana filing(s) in their response to the confirmation request. If the parties and the courts believed that the filings were in conflict or created a risk of inconsistent verdicts, the parties could have moved for a change of venue, but Respondents' would have preserved their right to contest the arbitration award under 9 U.S.C. §§ 10, 12.

Equitable tolling is "sparingly bestow[ed]" and "applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61

-5-

(6th cir. 2000).  Nothing prevented ISS or Mr. Beers from timely filing their request, either affirmatively, or in response to Petitioner's March 4, 2024 filing seeking confirmation.   Their own alleged concerns about potential inefficiencies or venue options do not excuse a complete failure to file or otherwise address the statute of limitations issues before their time expired. They have alleged no extraordinary obstacles or unavoidable circumstances that impeded their ability to timely file their request.  Rather, Respondents simply failed to file a petition under 9 U.S.C. § 10 within the allotted time frame.

## CONCLUSION

For the reasons set forth above, the Court finds that DePuy's request for confirmation of the arbitration award has been made within the one year window permitted by the FAA, and that the award has not been, and cannot legally be vacated, modified, or corrected as prescribed in sections 10 and 11.  Therefore, Petitioner's Motion for Confirmation of An Arbitration Award is, hereby, GRANTED.  Judgment is entered in favor of DePuy Synthes Sales, Inc., and against Integrated Surgical Solutions, Inc., and Wilson Beers for breach of the sales representative agreement, in the amount of $83, 701.  Petitioner shall have ten days in which to submit a proposed judgment order incorporating all necessary and relevant terms of the arbitration award.

IT IS SO ORDERED.

_____
JUDGE DONALD C. NUGENT

DATED:___June 7, 2024___

-6-